[No. 21643. Department Two. March 11, 1929.]

CO-OPERATIVE CAB COMPANY, et al., *Appellants*, v. THE CITY OF SEATTLE, *Respondent.*[1]

*Edward L. Cochrane* and *Henry Clay Agnew*, for appellants.

*Thomas J. L. Kennedy, Arthur Schramm*, and *Charles L. Smith*, for respondent.

PARKER, J.—The plaintiffs, cab companies, seek an injunction restraining the city from enforcing § 7 of its ordinance, No. 42,589, regulating taxicabs employed in the conveying of passengers upon its public streets, particularly that portion of § 7 regulating the display of taximeter flags indicating operation or nonopera-

[1]Reported in 275 Pac. 80.

tion of taximeters and employment or nonemployment of taxicabs upon a distance fare basis. A hearing upon the merits in the superior court for King county resulted in denial of the injunctive relief prayed for, and judgment of dismissal accordingly, from which the cab companies have appealed to this court.

The only provisions of the ordinance which we need here notice are the following:

"Section 1. It shall be unlawful for any person, firm, company or corporation in the city of Seattle licensed to convey passengers or baggage for hire, to demand, collect or receive a higher rate of fare for such service than the following: . . . .
[Here follow taxicab distance fares]
Provided, at the option of the passenger taxicabs may be hired by the hour at the hourly rates provided for by this ordinance.
[Here follow taxicab hourly rates]
"Section 3. Vehicles for hire, when equipped with taximeters, shall be known as taxicabs, and it shall be unlawful for any enclosed cab-type vehicle to be operated as a vehicle for hire unless it is equipped with a taximeter as provided in this ordinance. . . .
"Section 5. Taximeters shall be held to mean and include any instrument or device attached to a vehicle and designed to measure mechanically the distance traveled by such vehicle, to record the time such vehicle is in waiting and to indicate the fare to be charged.
"Section 7. It shall be unlawful for any driver of a taxicab, while carrying passengers or under employment, to display the flag attached to the taximeter, or other measuring device, in such position as to denote that such vehicle is not employed, . . . ."

The last quoted provision, the city concedes, does not mean that the flag shall be displayed indicating employment of a taxicab on a distance fare basis when the taxicab is employed on an hourly fare basis; nor does the city threaten prosecution for such non-display

of the flag; but the city does insist that the flag be displayed showing employment of a taxicab on a distance fare basis; that is, showing operation of the taximeter when the taxicab is so employed.

The cab companies have, for their own purposes of measuring their hourly fare basis, divided the city into zones, so that, when a passenger desires to be charged on the hourly basis, the cab company will agree to take the passenger from one zone to another for a stated flat sum, which the cab companies claim is always within the minimum hourly fare rate, because of the time within which the required trip can be made. This, the cab companies claim, is a legitimate hourly charge, and hence does not call for the display of the taximeter flag to show the operation of the taximeter and to indicate that the employment of the taxicab is upon the distance fare basis; while the city insists that this is an employment of a taxicab upon a distance fare basis within the meaning of the ordinance, and calls for the display of the taximeter flag accordingly, even though the actual charge be under the maximum of both distance fare and hourly fare prescribed by the ordinance. The evidence shows that frequently the flat rate zone charge adopted by the cab company is in excess of the maximum distance charge prescribed by the ordinance, though, apparently, in the very large majority of cases, the maximum distance charge is not so violated.

We agree with the construction of § 7 contended for by the city and adopted by the trial court; which is, in substance, that the cab company's zone system charge is, in effect, a distance charge within the meaning of the ordinance, and hence calls for display of the taximeter flag. There being no minimum charge prescribed by the ordinance, it is conceded that the cab companies may charge less than the maximum fares

prescribed by the ordinance, but that, we think, would not obviate the duty to display the taximeter flag when the employment is upon the distance or zone basis.

The judgment of the superior court, denying the injunctive relief prayed for, is affirmed.

HOLCOMB, MAIN, FRENCH, and MILLARD, JJ., concur.